In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00079-CV


______________________________




PAUL ROBERTSON, Appellant



V.



ATTORNEY GENERAL OF TEXAS ON BEHALF OF


THE STATE OF TEXAS AND FREDDIE ANN LOONEY, Appellee




 


On Appeal from the 307th Judicial District Court


Gregg County, Texas


Trial Court No. 2001-20-DR




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross






O P I N I O N



 Paul Robertson has filed a motion to extend time to file a notice of appeal. On
November 1, 2001, the trial court signed a clarifying order in which, among other things,
it found Robertson in arrears on his child support obligation in the amount of $3,034.19 and
ordered him to pay $100.00 per month beginning December 1, 2001, until the arrearage
was paid in full. Robertson did not appear at the hearing.

 On December 5, 2001, the Attorney General filed a motion for new trial, asserting
Robertson was never notified of the hearing at which the clarifying order was entered. The
trial court scheduled a hearing on the motion for March 14, 2002, though it had lost plenary
power December 1, 2001, thirty days after the judgment was signed. See Tex. R. Civ. P.
329b(d).

 On February 8, 2002, Robertson filed a Rule 306a(4) motion in which he requested
the trial court to designate January 10, 2002, the date he received the Attorney General's
motion for new trial, as the actual date on which he received notice of the judgment. Rule
306a(4) provides that, if a party who is adversely affected by a judgment has not received
notice of the judgment within twenty days of the signing of the judgment, then the trial
court's plenary power to grant a new trial or to vacate, modify, correct, or reform a
judgment, and the time for the parties to file post-trial motions, begins to run when the party
receives actual notice of the judgment. Tex. R. Civ. P. 306a(4). Contemporaneously with
his Rule 306a motion, Robertson filed a motion for new trial.

 The trial court apparently held the March 14 hearing on the Attorney General's
motion for new trial. Neither Robertson nor his attorney attended, but in his motion to
extend time, Robertson asserts he retained substitute counsel, who informed him the
motion for new trial was granted.

 Another hearing was held May 30, 2002, at which it was learned that an order
granting the motion for new trial had not been signed. At that same time, the trial court
granted Robertson's Rule 306a motion, designating January 10, 2002, as the date
Robertson received actual notice of the judgment.

 Under Tex. R. App. P. 26.1(a)(1), a notice of appeal must be filed within thirty days
of the date the judgment is signed, or if a motion for new trial is filed, within ninety days of
the date the judgment is signed. In this case, the appellate timetables began to run
January 10, 2002. See Tex. R. App. P. 4.2(a)(1). Therefore, Robertson's notice of appeal
was due April 10, 2002.

 This Court can extend the time for filing a notice of appeal if, within fifteen days of
the deadline, the party files (1) a notice of appeal in the trial court, and (2) a motion
requesting an extension of time. Tex. R. App. P. 26.3. However, Robertson filed his notice
of appeal in the trial court May 30, 2002, and filed his request for an extension with this
Court June 7, 2002, both of which are more than fifteen days after the deadline for filing
the notice of appeal.


 The motion is denied, and this appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: June 13, 2002

Date Decided: June 13, 2002


Do Not Publish